# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jay Lynn Pember, | No. CV-17-04069-PHX-JJT (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| Charles Ryan, *et al.*, | |
| Defendants. | |

At issue is the Report and Recommendation (Doc. 74) ("R&R") submitted by United States Magistrate Judge James F. Metcalf recommending that the Court dismiss Count One of the Second Amended Complaint (Doc. 73) ("SAC") and dismiss all defendants from Count Two of the SAC except Defendants Gay, Babich, Johnson, Hawley and Does 6 – 15. Plaintiff timely filed Objections to the R&R (Doc. 84), and Defendants filed a Response (Doc. 94) taking no issue with the R&R.

Judge Metcalf comprehensively and exhaustively analyzed the remaining Counts One and Two of the SAC as against the pleading standards of the Federal Rules of Civil Procedure and Supreme Court law interpreting those requirements. He correctly concluded that Count One fails to state a cognizable claim under 42 U.S.C. § 1983, though such a grievance might be cognizable as a habeas action under 28 U.S.C. § 2241 *et seq*. Likewise, in analyzing the allegations supporting Count Two, Judge Metcalf recognized that the facts as alleged pertaining to Dr. Doe at Kasson do not reach deliberate indifference standard

and that the allegations addressing Corizon's involvement are devoid of the necessary underlying factual allegations and therefore fall far short of the *Monell* standard. The Court agrees with Judge Metcalf that the SAC fails to adequately state claims against the remaining defendants other than Gay, Babich, Johnson, Hawley and Does 6 – 15.

Plaintiff's Objections do not take on any of Judge Metcalf's reasoning or his application of the law to the allegations made in the SAC. Instead, that portion of the Objection which is properly an objection simply attempts to argue past Judge Metcalf's analysis in conclusory fashion. This will not carry the day; the Court will overrule the true objections and adopt the recommendations contained in the R&R.

The remainder of the Objections constitute an attempt to move the Court for an opportunity to yet again amend his complaint to add new claims including retaliation, as well as to rehabilitate an old claim or claims and defendants. The Court notes Plaintiff's statement that, in raising the issue within his Objections, he was attempting to promote judicial economy; the Court appreciates the point. But Fed. R. Civ. P. 15(a)(2) provides that at the present stage of litigation in this matter, Plaintiff can amend again only with consent of Defendants, which has not been demonstrated, or with the Court's leave, and the Court requires a motion to amend, which provides opposing parties adequate time to be heard in response. If Plaintiff wishes to amend yet again, he must properly and separately move the Court.

IT IS ORDERED overruling the Objections (Doc. 84) and adopting in whole the R&R submitted by Judge Metcalf (Doc. 74), including its reasoning.

IT IS FURTHER ORDERED dismissing Count One of the SAC without prejudice.

IT IS FURTHER ORDERED dismissing the following defendants without prejudice: ADOC Director Charles Ryan; Corizon Health; ASPC Florence Central Unit Warden Greg Fitzer; Lieutenant A. Quintero; S. Belt, STG Unit; CO II Vasquez, Central Unit; CO II Castrejon, Central Unit; Central Unit STG Officer Does 1 – 5; Dr. Doe at Kasson; Deputy Warden Days, Grievance, Browning Unit; and Does – Classification.

IT IS FURTHER ORDERED providing Plaintiff sixty days in which to file a notice of substitution providing an actual name or names of any Defendant Doe 6 – 15. If no such notice of substitution with actual name or names is filed within sixty days of the date of this Order, the Clerk of Court shall dismiss Does 6 – 15 within out further action, without prejudice.

IT IS FURTHER ORDERED that Defendants Johnson and Hawley shall be served and thereafter are required respond to the Second Amended Complaint as follows:

(1) The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendants Johnson and Hawley.

(2) Plaintiff shall complete and return the service packet to the Clerk of the Court within 20 days of the date of the filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3) The United States Marshal shall retain the Summons, a copy of such amended complaint, and a copy of this Order for future use.

(4) The United States Marshal shall notify said Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by Defendants within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

    (a) Personally serve copies of the Summons, such amended Complaint and this Order upon Defendants pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure.

    (b) Within ten days after personal service is effected, file the return of service for the Defendants, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service

upon the Defendants. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, such amended complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(5) **Defendants who agree to waive service of the Summons and such amended complaint shall return signed waiver forms to the United State Marshal, and not to Plaintiff.**

(6) Said Defendants shall answer such amended complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(7) Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

Dated this 8th day of March, 2019.

Honorable John J. Tuchi
United States District Judge