Jay L. Pember #176469
ADC - Browning Unit
P.O. Box 3400
Florence, Az 85132

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Jay L Pember<br>plaintiff | No: 2:17-CV-04069-JJT-JFM |
| vs. | MOTION FOR ORAL ARGUEMENT AND STATUS HEARING REGARDING (DOC-154) ORDER "TRO AND PRELIMINARY INJUNCTION |
| Charles L Ryan, et al,<br>defendants. | |

Plaintiff request the Court to set a Hearing date where plaintiff Jay L Pember and defendant Dememry and current provider A. Ortiz can appear Telephonically, and give Oral Arguement, pertaining to (DOC-154).

(1) Plaintiff makes this request so the Court will clearly be informed to the specifics and facts related to plaintiffs medical claims to make a fair decision regarding plaintiffs request.

(2) Plaintiff also request the Court to Order defendants to have plaintiffs medical records in hand where they can refer to them in oral arguement.

(3) Plaintiff also request the Court to Order defendants to provide the Court and plaintiff, the "Standard of Care" for chronic pain management.

(1)

(4)  Plaintiff makes this request due to defendant misleading the Court and misrepresenting plaintiffs medical records.

(5)  Plaintiff request the Court to take "Judicial Notice" that Dr. Feiz-Erfan recommendations were made on August 3, 2018 for updated tests an imaging. It has been now over a year, since the Cervical MRI was done and through plaintiffs own research and speaking with doctors. A Cervical MRI that is (6) six months or older is not considered new or updated, it is a year old.

(6)  Plaintiff testifies here under Oath that since the Cervical MRI and EMG test have been done, his pains have increased. Plaintiffs pains are pounding "head aches - neck, shoulder, arm, hands feet, joint, lower back, leg knee and feet" pain.

(7)  Plaintiff is unsure why his pain has increased, but plaintiff has had to beg, for defendants to carry-out tests including recent test for Arthritis.

(8)  Defendants have been consistent on telling the Court they are carrying out the recommendation and are providing pain management, and medical records speak for there self.

(9)  Plaintiff request the records be brought to Court to support these claims. As example on August 3, 2018 it was recommended plaintiff have a Lumbar MRI. On September 11, 2018 the Utilization Team "Alternative Treatment Plan," the Thoracic MRI due to a mistake and recommended the Lumbar MRI.

(10) No one submitted the request for the Lumbar MRI, yet they agreed to it. After (4) four months of persistence by plaintiff he was able to convince a visiting provider to submit a referral for the Lumbar MRI in January 2019. That Lumbar MRI was denied "Alternative Treatment Plan" stated by the "Utilization Review Team" that Dr. Feiz-Erfan had not recommended it.

(11) In march 2019 plaintiff was able to convince another provider with his documents (Dr. Feiz-Erfan-recommendation and a 2011 Lumbar MRI showing disc bulges) to submit a second request for Lumbar MRI. The second MRI was denied for a (ATP) "Alternative Treatment Plan" stating it did not have enough information. A xray was done instead.

(12) In April 2019 plaintiff was able to convince the provider to submit a third Lumbar MRI which was denied for a (ATP) "Alternative Treatment Plan" it gave no reason for the denial and gave no (ATP) the record is silent. But this was done just prior to Corizon contract ending care for Arizona prisoners.

(13) After much persistence by plaintiff a (4th) forth request for Lumbar MRI was submitted to Centurium which has been approved, but not carried out yet.

(14) As defendants state, the record do speak for their self.

(15) Defendants claim plaintiffs pain is being managed this is not true. They submit a random list of medication expecting the Court to

③

accept a random list of medication as pain management.

(16)   Providers have prescribed, dangerous medications and dangerous cocktails of medications after plaintiff advised the medications were dangerous.

(17)   As a example "Tramadol and Keppra", in (DOC-160 pg-3) defendants attempt to misinform the Court, state; "plaintiff was seen by a Neurology." To be clear this was for Epilepsy only. If you go to line (17 on page 3) the Neurologist, "plan of care was Tramadol use, was to be limited to reduce the risk of seizure and NP. Ortiz noted Plaintiff was not currently on Tramadol."

(18)   In defendants own words they state,... "NP. Ortiz noted Plaintiff was not currently on Tramadol." They admit plaintiff is not on pain medication but they don't state why. First, plaintiff was not suppose to be on Tramadol due to risk of seizures. Plaintiff advised Ortiz this and it was prescribed anyways. Second, NP. Ortiz then prescribed the one medications "Keppra" that caused serious side effects. This drug had "Moderate" interactions and was to be avoided, used in combination with Tramadol, see (exhibit-1).

(19)   The standard of care for chronic pain is suppose to be a consistent, uninterupted pain medication regiment.

(20)   There own records prove this has not taken place. Once they received the Court order from plaintiff (DOC-154) on 9-4-19 they scramble to prescribe something and only made the situation worse.

(4)

The list submited in (DOC-160, exhibit-C pg 27) states;

<u>Tylenol III</u>, Dosage 2 tablets (at bedtime as needed) "status" <u>on</u> <u>hold</u> by pharmacy. This is not chronic pain management in the past when Tylenol III was prescribed it was prescribed twice a day with other medication both the minimal amount.

<u>Montelukast</u>, Allergic medication, not for pain.
<u>Ciclesonide</u>, Asthma medication, not for pain.
<u>Diclofenac Sodium</u>, Anti-inflammatory, ineffective does not releive pain.
<u>Levetiracetam</u>, ~~Epilepsy~~, does not releive pain.
<u>Cholecalciferol</u>, Vitimin D, not for pain.
<u>Levothyroxine</u>, Thyroid disorder, not for pain.
<u>Docusate</u>, Constapation, not for pain.
<u>Albuterol</u>, Asthma, not for pain.

(21)  Plaintiff request a hearing be set where all parties can appear telephonically where Facility Health Administrator Dememry and NP. Ortiz can explain the standard for chronic pain management and how they are providing this for plaintiff.

(22)  Plaintiff has been submiting "Health Need Request" everyday pleading with someone to do something, they have been ignored. The defendants are intenually making plaintiff suffer in pain.

For these reasons plaintiff request a hearing date be set for Oral Arguement, pertaining to (DOC-154).

Dated September 22, 2019                                    Jay L Poulos

CERTIFICATE OF SERVICE

I certify that on 9-22-19 this document was electronically mailed to defendants at;

ellen.burno@gpwblaw.com

9-22-19

                                                                                                           Jay Leventhy
                                                                                                            pro per

(6)

EXHIBIT-1



# Drug Interactions between Keppra and tramadol

This report displays the potential drug interactions for the following 2 drugs:
- **Keppra** (levetiracetam)
- tramadol

## Interactions between your drugs



( Moderate )  **traMADol <> levETIRAcetam**
Applies to: tramadol and Keppra (levetiracetam)

Using traMADol together with levETIRAcetam may increase side effects such as dizziness, drowsiness, confusion, and difficulty concentrating. Some people, especially the elderly, may also experience impairment in thinking, judgment, and motor coordination. You should avoid or limit the use of alcohol while being treated with these medications. Also avoid activities requiring mental alertness such as driving or operating hazardous machinery until you know how the medications affect you. Talk to your doctor if you have any questions or concerns. It is important to tell your doctor about all other medications you use, including vitamins and herbs. Do not stop using any medications without first talking to your doctor.

Switch to professional interaction data

## Drug and food interactions



( Moderate )  **traMADol <> food**
Applies to: tramadol

Alcohol can increase the nervous system side effects of traMADol such as dizziness, drowsiness, and difficulty concentrating. Some people may also experience impairment in thinking and judgment. You should avoid or limit the use of alcohol while being treated with traMADol. Do not use more than the recommended dose of traMADol, and avoid activities requiring mental alertness such as driving or operating hazardous machinery until you know how the medication affects you. Talk to your doctor or pharmacist if you have any questions or concerns.

Switch to professional interaction data



( Moderate )  **levETIRAcetam <> food**
Applies to: Keppra (levetiracetam)

Alcohol can increase the nervous system side effects of levETIRAcetam such as dizziness, drowsiness, and difficulty concentrating. Some people may also experience impairment in thinking and judgment. You should avoid or limit the use of alcohol while being treated with levETIRAcetam. Do not use more than the recommended dose of levETIRAcetam, and avoid activities requiring mental alertness such as driving or operating hazardous machinery until you know how the medication affects you. Talk to your doctor or pharmacist if you have any questions or concerns.

Switch to professional interaction data

## Therapeutic duplication warnings

No warnings were found for your selected drugs.

Therapeutic duplication warnings are only returned when drugs within the same group exceed the recommended therapeutic duplication maximum.



### Drug Interaction Classification

These classifications are only a guideline. The relevance of a particular drug interaction to a specific individual is difficult to determine. Always consult your healthcare provider before starting or stopping any medication.

| | |
|---|---|
| **Major** | Highly clinically significant. Avoid combinations; the risk of the interaction outweighs the benefit. |
| **Moderate** | Moderately clinically significant. Usually avoid combinations; use it only under special circumstances. |
| **Minor** | Minimally clinically significant. Minimize risk; assess risk and consider an alternative drug, take steps to circumvent the interaction risk and/or institute a monitoring plan. |
| **Unknown** | No interaction information available. |

## Further information

Always consult your healthcare provider to ensure the information displayed on this page applies to your personal circumstances.