NA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jay Lynn Pember,

    Plaintiff,

v.

Charles L. Ryan, *et al.*,

    Defendants.

No. CV 17-04069-PHX-JJT (JFM)

**ORDER**

## I. Background

Plaintiff Jay Lynn Pember, who is currently confined in the Arizona State Prison Complex-Eyman, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. On screening Plaintiff's Second Amended Complaint (Doc. 73) pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated Eighth Amendment medical care claims against Defendants Babich, Gay, Johnson, Hawley, and Does 6-15 in Count Two and ordered them to answer.[1] (Doc. 101.) The Court dismissed the remaining claims and Defendants. (*Id.*)

Plaintiff previously filed a "Motion for Temporary Res[t]raining Order and Preliminary Injunction" (Docs. 15, 19), a "Motion for Order-Access to Legal Supplies" (Doc. 25), and a "Motion for Temporary Restraining Order and Preliminary Injunction"

---

[1] The Court gave Plaintiff 60 days to file a notice of substitution substituting the actual names of Does 6-15. (Doc. 101.) Does 6-9 were substituted for their actual names, Gertz, Schmid, Demery, and Torrez, respectively. (*See* Doc. 115.) Does 10-15 were dismissed for failure to timely substitute. (*See* Doc. 130.)

(Doc. 29). In the motions for injunctive relief, Plaintiff sought a Court Order directing Defendants to provide him adequate pain medication, to take him to an outside neurosurgeon, and to give him access to legal supplies. (Doc. 54.) In an October 29, 2018 Order (Doc. 54), the Court denied Plaintiff's motions for injunctive relief. In denying Plaintiff's motions, the Court found that the evidence showed Plaintiff had been taken to see a neurologist on August 3, 2018, additional consult requests had been submitted pursuant to the neurologist's recommendations, Plaintiff's pain was being treated with Meloxicam, and Plaintiff's right to access the courts had not been violated. (Doc. 54.) However, the Court denied the motions with leave to re-file if Plaintiff's pain medication was again discontinued; if he was not scheduled for an EMG, MRI, and physical therapy as recommended by Dr. Feiz-Erfan; and/or if he was not scheduled for a neurosurgery follow-up as recommended. (*Id.*)

On January 30, 2019, Plaintiff filed a Motion for a Temporary Restraining Order and a Preliminary Injunction (Doc. 78). In an August 27, 2019 Order, the Court granted the Motion to the extent it ordered Defendants to file a notice within 20 days (1) indicating Plaintiff's condition at the present time and his current course of treatment, specifically pertaining to pain management; (2) showing that Plaintiff either is currently receiving physical therapy, or such relief is no longer medically indicated; (3) showing that Plaintiff has received an MRI of his lumbar spine, or that an MRI of the lumbar spine is no longer medically-indicated; and (4) showing that Plaintiff has seen or is scheduled to see Dr. Feiz-Erfan for a follow-up evaluation and recommended care. The Court denied the Motion in all other respects.

On September 12, 2019, Plaintiff filed a Motion for Contempt (Doc. 159). On September 16, 2019, Defendants filed a Notice in response to the Court's August 27, 2019 Order (Doc. 160). On September 20, 2019, Plaintiff filed a Reply to Defendants' Notice (Doc. 163). On September 24, 2019, Plaintiff filed a Motion for Preliminary Injunction Hearing (Doc. 166). On October 15, 2019, Plaintiff filed a Second Motion for Contempt

(Doc. 177). In an October 16, 2019 Order, Magistrate Judge Metcalf denied Plaintiff's Motion to Strike.

**II.     Motion for Contempt and Objections**

On September 12, 2019, Plaintiff filed a Motion for Contempt (Doc. 159), which the Court construes as a Motion for Contempt and Objection to Magistrate Judge Metcalf's August 8, 2019 Order denying Plaintiff's Motion for Extension. Plaintiff states that Defendants have intentionally delayed this case and failed to carry out the neurosurgeon's recommendations. Plaintiff states that Defendants retaliated against him by discontinuing medications and prescribing him a "harmful cocktails of drugs." (*Id.* at 2-3.) Plaintiff alleges that he was prescribed keppra and tramadol, which caused him to suffer dizziness, anger, and hallucinations. Plaintiff's tramadol prescription was discontinued on September 4, 2019 because of the side effects he was experiencing. Plaintiff claims he does not have any pain relief, and Corizon and ADC retaliated against him and interfered with his medical treatment, causing his medications to be discontinued. Plaintiff claims that this all occurred after the deadlines for amendments, supplements, and disclosures expired.

Plaintiff asks the Court to find Defendant Demery and non-party Ortiz in contempt of the Court's August 27, 2019 Order, objects to the Magistrate Judge Metcalf's August 8, 2019 Order, and asks the Court to order counsel to meet with Plaintiff regarding a possible settlement.

**A.     Contempt**

Plaintiff's asserts that Defendant Demery and non-party Ortiz are in contempt of the Court's August 27, 2019 Order by failing to carry out the neurosurgeon's recommendations and provide him with proper medication.

**1.     Legal Standard**

Under Federal Rule of Civil Procedure 70(e), the district court may hold a disobedient party in contempt. "This power may be used by a district court to impose compliance with its lawful orders." *S. Cal. Darts Assoc. v. S. Cal. Darts Assoc., Inc.*, No. CV 12-01899-RGK (JCGx), 2012 WL 12882764, at *1 (citing *Shillitani v. United States*,

384 U.S. 364, 370 (1966) ("[t]here can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt")). The Court has broad discretion in deciding whether to hold a party in contempt. *Hook v. Ariz. Dep't of Corrs.*, 107 F.3d 1397, 1403 (9th Cir. 1997).

The movant has the initial burden to show "by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002) (citation and quotation omitted). Once the initial burden is satisfied, the "burden then shifts to the contemnors to demonstrate why they were unable to comply." *Id.* (citation and quotation omitted). Generally, a violation is found where a party fails "to take all reasonable steps within the party's power to comply" with a court order, and "[t]he contempt need not be willful." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (citations and quotations omitted). Good faith action based on a reasonable interpretation of a court order is a defense to civil contempt. *Id.* "Substantial compliance" with a court order is also a defense to civil contempt, regardless of "a few technical violations," as long as every reasonable effort has been made to comply. *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (citations omitted).

### 2. Discussion

The Court's August 27, 2019 Order required Defendants to file a notice with documentary evidence indicating Plaintiff's condition at the present time and his current course of treatment, specifically pertaining to pain management. The Court also required Defendants to show in the notice that (1) Plaintiff either was currently receiving physical therapy, or such relief was no longer medically indicated, (2) Plaintiff has received an MRI of his lumbar spine, or that an MRI of the lumbar spine is no longer medically indicated, and (3) Plaintiff has seen or is scheduled to see Dr. Feiz-Erfan for a follow-up evaluation and recommended care. Ortiz is not a party to this action and therefore cannot be held in contempt.

On September 16, 2019, Defendants filed a Notice in accordance with the Court's August 27, 2019 Order. Therefore, Plaintiff has failed to meet his initial burden of showing by clear and convincing evidence that Defendant Demery violated a specific and definite order of this Court, and the Court will deny this portion of Plaintiff's Motion.

**B.  Objection**

**1.  Legal Standard**

Federal Rule 72(a) provides that, within 14 days of being served a copy of a magistrate judge's order deciding a pretrial, non-dispositive matter, "[a] party may serve and file objections to the order." Fed. R. Civ. P. 72(a). An appeal from the determination of a magistrate judge is reviewed by the district judge under a "clearly erroneous or contrary to law" standard. *Id.*, 28 U.S.C. § 636(b)(1)(A).

**2.  Discussion**

**a.  Magistrate Judge Metcalf's August 8, 2019 Order**

On July 25, 2019, Plaintiff filed a Motion for Extension seeking leave to amend the deadline for motions to amend or supplement, file a supplemental complaint, and pursue discovery with any newly added defendants (Doc. 143). In his August 8, 2019 Order (Doc. 149) denying Plaintiff's July 25, 2019 Motion for Extension of Time, Magistrate Judge Metcalf determined that Plaintiff had failed to show good cause to amend the schedule because Plaintiff failed to show that "with diligence his new claims or amendments could not have been made earlier." (*Id.* at 2.) Judge Metcalf therefore denied Plaintiff's Motion for Extension.

**b.  Plaintiff's Motion for Clarification and Motion for Reconsideration**

On August 16, 2019, Plaintiff filed a Motion for Clarification and Motion for Reconsideration of the Magistrate Judge Metcalf's August 8, 2019 Order (Doc. 150). In the Motion, Plaintiff argues that he could not serve discovery requests on Defendants Gertz, Schmid, Demery, Torrez, and Johnson because these Defendants were fictitiously identified when the deadline for discovery requests passed. Plaintiff also argues that his failure to comply with deadlines for amendments was involuntary and the result of

medications that affect his "awareness-behavior-comprehension-memory," consistent seizures due to the discontinuation of his medication, and his mental health issues.

### c. Magistrate Judge Metcalf's August 28, 2019 Order

On August 28, 2019, Magistrate Judge Metcalf issued an Order addressing Plaintiff's Motion for Clarification and Motion for Reconsideration (Doc. 155). With regard to Plaintiff's request for clarification, Judge Metcalf informed Plaintiff that the August 8, 2019 Order did not deny Plaintiff discovery as to the newly appearing Defendants. Instead, the Court denied the request for discovery on any new defendants Plaintiff sought to add in any amended or supplemental complaint. Judge Metcalf informed Plaintiff that in an Order filed on July 18, 2019, the Court directed that "any further motions to amend the schedule based upon the appearance of a new party shall be filed within 21 days of such appearance." Judge Metcalf ordered Defendants to file a response within 14 days to Plaintiff's Motion with regard to discovery deadlines for any newly appearing defendants.

With regard to Plaintiff's request to file an amended or supplemental complaint, Judge Metcalf concluded that Plaintiff failed to identify any newly discovered evidence that he could not have presented in an earlier motion and that Plaintiff failed to point to any change in the controlling law or clear error. Judge Metcalf further concluded that Plaintiff's health and mental health issues did not justify reconsideration and that the new claims Plaintiff sought to assert—retaliation claims—did not involve the same core factual issues. (Doc. 155 at 4.)

### d. Defendants' Response

On September 11, 2019, Defendants filed a Response to Plaintiff's Motion for Reconsideration (Doc. 158). Defendants argue that the Plaintiff's Motion should be denied. Defendants state that Plaintiff filed his Motion more than 21 days after Defendant Torrez filed his answer and prior to Defendant Gertz's appearance. Defendants also state that Plaintiff's Motion was timely as to Defendant Schmid. Defendants further argue that Defendant Johnson should be dismissed and no discovery should be allowed as to Johnson

because Plaintiff failed to properly serve Johnson and has failed to respond to the Court's Order to Show Cause as to why Johnson should not be dismissed.

### e. Magistrate Judge Metcalf's September 24, 2019 Order

In his September 24, 2019 Order, Judge Metcalf granted Plaintiff's Motion for Clarification to the extent his Order provided Plaintiff with the clarification he was seeking (Doc. 165). The Order concluded that Plaintiff failed to provide a basis for Judge Metcalf to reconsider his August 8th Order. Judge Metcalf also informed Plaintiff that, if he can show good cause under Rule 16(b) regarding his attempts to file a motion to amend the schedule as to newly served defendants, he should file a motion.

### 3. Conclusion

Plaintiff has failed to show that Judge Metcalf made any factual determinations or rulings on Plaintiff's Motion for Extension that were "clearly erroneous or contrary to law." First, Plaintiff has yet to supply a proposed amended complaint. Local Rule of Civil Procedure 15.1 requires that "[a] party who moves for leave to amend a pleading . . . must attach a copy of the proposed amended pleading as an exhibit to the motion." Second, Plaintiff failed to show good cause to amend the scheduling order, as required by Rule 16(b)(4) of the Federal Rules of Civil Procedure. Judge Metcalf's July 18, 2019 Order stated that "any further motions to amend the schedule based upon the appearance of a new party shall be filed within 21 days of such appearance." As Judge Metcalf noted, if Plaintiff believes he can show good cause regarding his attempts to file a motion to amend the schedule as to the newly served defendants, he should file a motion for Judge Metcalf to address.

Plaintiff alleges that after the deadlines to amend and supplement expired, he was retaliated against and prescribed medication that made him hallucinate and become dizzy and angry, and his pain medication was discontinued. Although Plaintiff's claims of retaliation may be related to the claims in this action, the elements of a retaliation claim are completely different than the elements of a medical care claim. Also, it appears several of Plaintiff's new medical care allegations concern non-parties Ortiz and Centurion. To the

extent Plaintiff wishes to assert these claims, he should do so by filing a complaint in a new case.

**C.     Settlement**

Plaintiff asks the Court to order Defendants' counsel to meet with him to discuss a possible settlement. Under Local Rule of Civil Procedure 83.10, the Court may conduct a settlement conference if both parties request one. At this time, Defendants have not indicated a similar desire for a settlement conference; therefore, Plaintiff's request for a settlement conference will be denied without prejudice.

**III.    Motion for Preliminary Injunction Hearing**

In his Motion (Doc. 166), Plaintiff asks the Court to set a preliminary injunction hearing regarding his current medical condition and treatment. Defendants filed a Response opposing Plaintiff's request for a preliminary injunction hearing. (Doc. 173)

**A.     Plaintiff's Current Medical Treatment**

**1.     Physical Therapy**

On August 3, 2018, Dr. Feiz-Erfan recommended that Plaintiff start physical therapy for his neck, back, and left arm and leg pain. (Doc. 85 at 31.) In their Notice, Defendants state that on September 26, 2018, Plaintiff had a physical therapy evaluation, and an Alternative Treatment Plan (ATP) was issued on October 2, 2018. The ATP provided that Plaintiff was approved for "HEP (home exercise program) directed therapy to be conducted in medical to documented compliance not for formal PT." (Doc. 160 at 2.) Plaintiff was directed to start the home exercise program, which was "delineated by handouts and demonstrated by physical therapy." (*Id.*)

**2.     MRI of Lumbar Spine**

On August 3, 2018, Dr. Feiz-Erfan recommended Plaintiff obtain a lumbar spine MRI without contrast. (Doc. 85 at 31.) In their Notice, Defendants have provided evidence that authorization for the MRI was obtained on September 4, 2019 and stated it was "pending scheduling." (*Id.* at 3, 13-14.) In Plaintiff's October 29, 2019 Motion for Extension of Time, he states that he received an MRI of his lumbar spine on October 18,

2018. (Doc. 185 at 2.) Plaintiff states he has not yet received a copy of the results from the MRI, but Provider Ortiz discussed a summary of the results with Plaintiff. (*Id.*) Based on that conversation, the MRI revealed that Plaintiff has "'significant conclusive' lumbar injuries along with a[n] undiagnos[ed] lumbar birth defect of scoliosis." (*Id.*)

### 3. Follow-Up with Dr. Feiz-Erfan

On August 3, 2018, Dr. Feiz-Erfan recommended that Plaintiff return for a follow-up appointment in two months. (Doc. 85 at 31-32.) In their Notice, Defendants state that Plaintiff saw an outside neurologist on September 12, 2019. (Doc. 160 at 3.) The neurologist recommended labs, an EEG study, an MRI of the brain with and without contrast, and an x-ray of the cervical spine; suggested Plaintiff try Topiramate 50mg; directed Plaintiff to follow-up with neurology in four weeks to go over the labs and imaging; and recommended that Tramadol be limited. (*Id.*) Nurse Practitioner Ortiz saw Plaintiff on September 12. (*Id.*) Ortiz ordered labs, requested an MRI consult, requested a neurology consult for an EEG, and requested a follow-up appointment. (*Id.*) Ortiz disagreed with the neurologist's recommendation that Plaintiff try Topiamate because "Plaintiff was currently doing well with Keppra." (*Id.*) Ortiz prescribed Plaintiff Tylenol-3 "until neurosurgery consult was completed." (*Id.*) Ortiz also disagreed with the neurologist's recommendation that Plaintiff follow-up with neurology in four weeks because "Plaintiff is stable on current medication regime"; instead, Ortiz stated that he would enter a consult request after the imaging and labs were completed. (*Id.*) In his October 29, 2019, Motion for Extension, Plaintiff states that he was transported to have an MRI of his lumbar spine, a CT brain scan with dye, and a CT brain scan without dye. (Doc. 185 at 2.) Plaintiff also states that he had a brain EEG test on October 21, 2019. (*Id.*) It is not clear whether the labs, x-ray of the cervical spine, or follow-up with the neurologist has been scheduled.

### 4. Pain Management

Plaintiff's Gabapentin prescription was discontinued on January 26, 2019, because Nurse Practitioner Weigel found that Plaintiff's lab levels did not match his prescribed

dose, and the "low levels indicat[ed] potential abuse of the drug." (Doc. 85 at 9.) On the same day, Weigel prescribed Plaintiff codeine/acetaminophen. (*Id.*) ADC indicates in its Response that, as of February 14, 2019, Plaintiff was prescribed codeine/acetaminophen. (Doc. 89 at 3.) Plaintiff states in his Reply that "Corizon has consistently discontinued [his] pain medication," and as of February 27, 2019, he was not receiving any prescribed pain medication. (Doc. 100 at 1, 5.) Plaintiff states that Weigel discontinued his prescription for Meloxicam on February 10, 2019, and his prescription for Tylenol-3 was discontinued on February 27, 2019. (*Id.* at 5; Doc. 92 at 4.) Consequently, the Court found there were serious questions as to whether Defendants' treatment of Plaintiff's pain was medically acceptable.

In their Notice, Defendants state that Plaintiff is currently taking "Diclofenac Sodium (NSAID) 50 mg, twice a day and Tylenol #3 for his pain." (Doc. 160 at 3.) In his Motion for Contempt, Plaintiff states that he "can't get pain relief," is unable to sleep through the night because he is in pain, has not taken any pain medication since September 4, 2019, and is currently "prescribed no pain medication." (Doc. 160). On October 1, 2019, Plaintiff noted that his "pain is clearly <u>not</u> being managed." (Doc. 169 at 6.) In his October 29, 2019 Motion for Extension, Plaintiff indicates that Provider Ortiz submitted a request for a prescription for Gabapentin for Plaintiff, but the request has not yet been approved. (Doc. 185 at 3.)

### B. Preliminary Injunction Hearing

Based on the evidence and Plaintiff's October 29, 2019 Motion for Extension of Time, it appears Plaintiff has received an MRI of his lumbar spine, seen a neurologist, and several of that neurologist's recommendations have been carried out. Plaintiff also states that Provider Ortiz has requested a Gabapentin prescription for Plaintiff. It therefore appears Plaintiff has received or is receiving the recommended medical treatment. Although the delay in carrying out the neurosurgeon's recommendations is concerning, it is a defendant's current conduct that determines whether injunctive relief is warranted. *See Farmer v. Brennan*, 511 U.S. 825, 845-46 (1994). Therefore, the Court will deny Plaintiff's

Motion for a Preliminary Injunction Hearing without prejudice with leave to refile if Plaintiff, as a result of a named Defendant's actions, stops receiving medical treatment, his pain is untreated, or he is not scheduled for a follow-up with neurosurgery or neurology.[2]

**IV.     Dismissal of Defendant Johnson**

On August 21, 2019, Magistrate Judge Metcalf recommended that Defendant Johnson be dismissed for failure to serve. (Doc. 152)

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." *United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc*); accord Schmidt v. Johnstone,* 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna–Tapia,* this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.,* 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [magistrate judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the [R & R] to which objection is made.").

The Magistrate Judge's Report and Recommendation recommends the dismissal of Defendant Johnson without prejudice because Plaintiff failed to serve Defendant Johnson, as required by Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff did not object to the Report and Recommendation. Accordingly, the Magistrate Judge's Report and Recommendation will be accepted.

. . . .

. . . .

---

[2] As noted above, Centurion is not a defendant to this action.

### V. Second Motion for Contempt

As noted above, on October 15, 2019, Plaintiff filed a Second Motion for Contempt. This Motion appears to be based on Plaintiff's argument that Defendants' counsel failed to file a formal appearance in this action. Plaintiff is incorrect; counsel for Defendants have appeared by filing answers in this action. Accordingly, the Court will deny Plaintiff's Second Motion for Contempt.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Magistrate Judge Metcalf's Report and Recommendation (Doc. 152), Plaintiff's Motion for Contempt (Doc. 159), Plaintiff's Motion for Preliminary Injunction Hearing (Doc. 166), and Plaintiff's Second Motion for Contempt (Doc. 177).

(2) Plaintiff's Motion for Contempt (Doc. 159) and Second Motion for Contempt (Doc. 177) are **denied**.

(3) The Magistrate Judge's Report and Recommendation (Doc. 152) is **ACCEPTED**.

(4) Defendant Johnson is **dismissed without prejudice**.

(5) Plaintiff's Motion for Preliminary Injunction Hearing (Doc. 166) is **denied** without prejudice.

Dated this 18th day of November, 2019.

Honorable John J. Tuchi
United States District Judge